**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 1:05-cr-167 |
| | : | 1:05-cr-458 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **PHILLIP FENNER** | : | |
| | : | |

**MEMORANDUM ORDER**

On September 22, 2008, Phillip Fenner pleaded guilty to one count of making false statements in violation of 18 U.S.C § 1001, and one count of failure to appear in violation of 18 U.S.C. § 3146(a)(1). The Court entered judgment against him on September 29, 2008, and sentenced him to, <u>inter alia</u>, a term of imprisonment of twenty-one months and restitution in the amount of $120,676.25. (Doc. No. 64.)[1] Under the terms of the plea agreement, Fenner agreed to civil forfeiture of a boat, "so that this forfeited asset can be used to compensate the Government for losses suffered in this case." (Doc. No. 62 ¶ 13.) The plea agreement further provided that the Government would "recommend that funds recovered through the civil forfeiture be applied to victim restitution in this case." (<u>Id.</u> ¶ 10.) Fenner now seeks a declaratory judgment that his criminal restitution obligation of $120,676.25 was satisfied in full upon seizure of his boat. (Doc. No. 65.) The Government has responded with a motion to dismiss Defendant's motion for declaratory judgment. (Doc. No. 68.) For the reasons stated more fully herein, the Court will grant the Government's motion and deny Fenner's motion.

---

[1] All pertinent documents cited in this memorandum, with the sole exception of the government's brief in support of its motion to dismiss, are docketed both at 1:05-cr-167 and 1:05-cr-458. Unless otherwise noted, all citations to a docket entry refer to items docketed at 1:05-cr-167.

The gravamen of Fenner's motion for declaratory judgment is that the Government's delay in seizing his boat in the forfeiture action violated his due process rights.  Fenner claims that when the government seized the boat it was worth more than the required restitution.  Now, many years later, it is now worth considerably less.  As a result, Fenner will be forced to use additional assets to satisfy his restitution payment.

The fundamental error in Fenner's claim is that he appears to conflate his obligation to pay restitution with his forfeiture obligation.  However, forfeiture and restitution are distinct penalties.  See, e.g., United States v. Bengis, 631 F.3d 33, 41 (2d Cir. 2011) (concluding "there is no problem in imposing both a restitution award and a forfeiture award"); United States v. Browne, 505 F.3d 1229 (11th Cir. 2007) (holding restitution and forfeiture serve different purposes); United States v. Rubin, 558 F. Supp. 2d 411, 426-27 (E.D. N.Y. 2008) (noting "that no law transforms forfeiture into a pool for restitution . . . .  Bluntly and simply, forfeiture and restitution are parallel, and therefore separate, processes.").  As one district court explained:

> [F]orfeiture and restitution are not mutually exclusive; rather, they each serve separate and distinct goals.  Specifically, forfeiture generally serves to remove from an offender the fruits and instrumentalities of his crime, and thereby provides a powerful disincentive to commit the crime in the first instance.  An order of restitution, on the other hand, serves primarily to compensate victims for any losses suffered as a result of a defendant's criminal activity.

United States v. O'Connor, 321 F. Supp. 2d 722, 729 (E.D. Va. 2004).

Fenner is unable to identify any rule or statute that would justify an order from this Court requiring the United States to use the forfeited property to absolve Fenner of his restitution obligation.  Indeed, all evidence appears to hold that a district court has no such authority.  See, e.g., United States v. Taylor, 582 F.3d 558, 568 (5th Cir. 2009); United States v. Alalade, 204

F.3d 536, 540-41 (4th Cir. 2000) (holding that "the plain language of the MVRA did not grant the district court discretion to reduce the amount of restitution required to be ordered by an amount equal to the value of the property seized from [the defendant] and retained by the government in administrative forfeiture"); O'Connor, 312 F. Supp. 2d at 729-30.  Rather, under the terms of 18 U.S.C. § 981,[2] determining whether to retain forfeited property or apply the property toward victim restitution is within the sole discretion of the Attorney General.  18 U.S.C. § 981(d) ("The Attorney General shall have sole responsibility for disposing of petitions for remissions or mitigation with respect to property involved in judicial forfeiture proceedings."); Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00), 901 F.2d 1540, 1543 (11th Cir. 1990) (concluding that "the remission of forfeitures is neither a right nor a privilege, but an act of grace," committed to agency discretion); United States v. One 1973 Buick Riviera Auto., 560 F.2d 897, 900 (8th Cir. 1977) (finding that "[t]he overwhelming weight of authority supports the United States' position" that the Department of Justice's denial of a petition for remission is not subject to judicial review).

The Court further notes that Fenner's belief that the plea agreement requires the Attorney General to apply the proceeds from the sale of the boat to his restitution obligations is unsupported by the agreement itself.  "It is well settled that an analysis of whether there is a

---

[2] In the civil forfeiture action, Fenner and the United States entered into a settlement agreement and consent decree in which the parties agreed that the boat was "subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981" because the boat "was used or intended to be used to commit or facilitate the commission of, or represents the proceeds of violations of Title 18, United States Code 1343" and that the boat was used to facilitate the commission of the violation of 18 U.S.C. § 1001, because Fenner used the boat to elude capture. United States v. 2005 38' Hunter, Aux Sail, Hull # 38108F405, No. 1:08-cv-1558 (Doc. No. 9 at 2-3).

violation of the plea agreement proceeds under contract law standards." United States v. Larkin, 629 F.3d 177, 186 (3d Cir. 2010). "Strict compliance with the terms of a plea agreement is not only vital to the efficient function of our criminal justice system, but also required to preserve the integrity of our constitutional rights." Id. To determine whether the United States has performed its obligations under the plea agreement, the Court considers whether its conduct falls within the range of expectations reasonably understood by the defendant at the time the defendant entered into the plea agreement. Id. In the present matter, the terms of the agreement provided that Fenner was obligated to make restitution "in full." (Doc. No. 62 ¶ 12.) The agreement further provided that "the Government will recommend that funds recovered through the civil forfeiture by applied to victim restitution in this case, although the parties understand that final decisions on remission or mitigation of forfeitures to crime victims rests with the Department of Justice in Washington D.C." (Id. ¶ 10 (emphasis added).) Reading the agreement fairly, the United States promised only to make a recommendation with the caveat that any final decision would be made by the Department of Justice. Although Fenner obviously hoped that the boat would serve to satisfy his restitution obligation (Id. ¶ 13), there is no provision in the agreement whereby the United States binds the Attorney General to apply the proceeds from the forfeiture of the boat to Fenner's restitution payment. See also United States v. Hurley, No. 1:07-cr-221, 2010 U.S. Dist. LEXIS 133788, at *8-9 (N.D. Ga. Dec. 1, 2010) (denying defendant's motion to compel forfeiture funds to be applied towards his restitution obligation where the United States only promised to "recommend" to the Attorney General that the forfeited funds be applied to defendant's restitution obligation).

**ACCORDINGLY**, on this 23rd day of May 2011, **IT IS HEREBY ORDERED THAT**

Fenner's motion for declaratory judgment (Doc. No. 65) is **DENIED** and the Government's motion to dismiss Fenner's motion for declaratory judgment (Doc. No. 68) is **GRANTED**.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania